UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

PB Michigan, LLC,                           Case No. 23-48504
                                                      Chapter 11
                                                      Hon. Lisa S. Gretchko

       Debtor.
_____/

**INTERIM ORDER GRANTING DEBTOR'S FIRST DAY MOTION FOR
(I) INTERIM USE OF CASH COLLATERAL AND
<u>(II) SCHEDULING A FINAL HEARING</u>**

This matter came before the Court upon the Debtor's *First Day Motion for Interim and Final Orders (I) Authorizing the Debtor to Use Cash Collateral; (II) Providing Adequate Protection to the Pre-Petition Lenders; and (III) Scheduling a Final Hearing* ("Motion"; ECF No. 7) and the *Declaration of Allison LeMay* ("LeMay Declaration"; ECF No. 6). On October 2, 2023, the Court held a preliminary hearing on the Motion ("Preliminary Hearing"); counsel for the Debtor, counsel for the United States Trustee, counsel for Kapitus Servicing, Inc. (servicer for Pendulum Finance), counsel for the U.S. Department of Justice (on behalf of the SBA), the SubChapter V Trustee, and Allison LeMay appeared at the Preliminary Hearing. The Court notes that a stipulation ("Stipulation"; ECF No. 20) among the Debtor, the United States Trustee, the U.S. Department of Justice (on behalf of the SBA), Kapitus Servicing, Inc., and the SubChapter V Trustee was

filed before the Preliminary Hearing commenced, consenting to the terms of a proposed order attached thereto. Based upon statements made by Debtor's counsel and by Allison LeMay at the Preliminary Hearing, pursuant to E.D. Mich. LBR 4001-2(d)(4), the Court finds that (to the extent that non-consenting secured creditors exist) the protection afforded to them as incorporated in this Order (i.e., replacement liens with the same priority as they had pre-petition) constitutes adequate protection because: (i) the SBA's secured claim is approximately $1,045,000 and, based on Debtor's counsel's review of a recent UCC search, the SBA's secured claim is in second priority (junior to the prior perfected claim of Pendulum Finance), and (ii) the going-concern value of the Debtor's assets is insufficient to satisfy the SBA's secured claim and, therefore, there is no equity in the Debtor's assets with which to pay any alleged secured claims that are junior to the SBA's claim.

Pursuant to F.R.Bankr.P. 4001(b)(2), the Court finds that the amount of cash collateral being authorized for use under this Order is necessary to avoid immediate and irreparable harm to the Debtor and its estate pending a final hearing on the Motion. The Court has reviewed the Motion, the LeMay Declaration, the Stipulation and other pertinent pleadings, has considered the statements made at the Preliminary Hearing, and is advised in the premises.

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1. The Motion is granted as set forth in this Order.

2. All capitalized terms not defined in this Order shall have the meanings ascribed to them in the Motion.

3. The Debtor is authorized to use Cash Collateral as described in this Order, and to grant adequate protection in accordance with the terms of this Order.

4. The amount of Cash Collateral necessary for the Debtor to use to avoid immediate and irreparable harm before the date of the final hearing on the Motion is $35,000 to pay the immediate operating expenses of the Debtor's business for the 30 days following the Petition Date, which expenses are set forth in the Budget. The Debtor's authorized use of Cash Collateral is limited to that amount prior to the entry of a final order authorizing the Debtor to use Cash Collateral.

5. Pursuant to 11 U.S.C. § 361 and to the extent that the Debtor uses Cash Collateral, Pendulum Finance, the United States Small Business Administration, and any other secured creditors that may claim an interest in the Cash Collateral of the Debtor are hereby granted replacement liens, with the same priority that each said secured creditor had pre-petition, in all types and descriptions of collateral that were secured by the applicable pre-petition loan documents, which are created, acquired, or arise after the Petition Date

("Adequate Protection Liens"). Nothing within this paragraph prejudices the rights of the Debtor or any appropriate party to challenge the validity, extent, priority, or perfection of any lien or security interest, and all said challenges are preserved.

6. This Order shall be sufficient evidence of the validity, extent, priority and perfection of the Adequate Protection Liens, without the necessity of filing or recording any mortgage, financing statement, or other instrument or document which may otherwise be required under the law or regulation of any jurisdiction or the taking of any other action to validate or perfect (in accordance with applicable law) the Adequate Protection Liens. Nothing within this paragraph prejudices the rights of a subsequently appointed Chapter 7 Trustee to challenge the validity, extent, priority, or perfection of the Adequate Protection Liens and all said challenges are preserved.

7. This Order expressly reserves, and shall not be construed in any way as a waiver or relinquishment of any rights or remedies, expressly or implicitly, that secured creditors may have at law and in equity.

8. The Debtor shall, within twenty-four (24) hours following the entry of this Order, serve copies of this Order and the Debtor's Motion with all attachments on (i) the United States Trustee for the Eastern District of Michigan; (ii) the SubChapter V Trustee; (iii) all secured creditors; (iv) the Debtor's 20 largest unsecured creditors; (v) all other parties who are required to be served under

Fed.R.Bankr.P. 4001(d); and (vi) any other party that has filed, prior to such date, a request for notice with this Court, via ECF or first class mail.

**9.     All parties seeking to object to the Motion or to this Order must file a written objection within fourteen (14) days after the entry of this Order.**

10.     The final hearing on the Motion will be held before the **Honorable Lisa S. Gretchko, United States Bankruptcy Court for the Eastern District of Michigan, Southern Division, 211 W. Fort Street, Detroit, Michigan 48226, Courtroom 1975, on October 27, 2023 at 1:00 p.m.**

**Signed on October 3, 2023**



/s/ Lisa S. Gretchko
_____
**Lisa S. Gretchko
United States Bankruptcy Judge**