UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

PB Michigan, LLC,                                     Case No. 23-48504-LSG
                                                                                  Chapter 11
       Debtor.                                    Hon. Lisa S. Gretchko
_____/

## PETITION TO APPOINT STEINBERG SHAPIRO & CLARK AS ATTORNEYS FOR DEBTORS-IN-POSSESSION

PB Michigan, LLC, the Debtor-in-Possession in the above-captioned Chapter 11 proceedings (the "Debtor") petitions this Court as follows:

1.     This is the Petition for Court approval to appoint the law firm of Steinberg Shapiro & Clark as attorneys for the Debtor in the above-captioned proceedings.

2.     The undersigned is the member and co-manager of the Debtor in this case.

3.     It is necessary for the Debtor in this case to employ counsel to represent it in all matters relating to the Chapter 11 proceedings, and the Debtor is informed and believes that the law firm has the appropriate legal skills and personnel necessary to perform legal services required in this case.

4.     Debtor paid Steinberg Shapiro & Clark a retainer of $15,000.00 by the Debtor's Franchisor, Xponential Fitness, LLC prior to the commencement of this case. Thereafter $3,500.00 of this amount was paid to Myers & Myers, PLLC,

which the Debtor hopes to retain as special counsel in this case, to handle negotiations for the sale of the business. The remaining $11,500 retainer received from Xponetial Fitness was intended to pay for legal expenses in the above-captioned Chapter 11 proceedings. The entire remaining $11,500 of this retainer was applied to services performed prior to the filing of the case, including the drafting of schedules, statements, the filing fee and other preparation for the filing of the case. Because the $11,500 payment was less than the outstanding balance of fees owing at the time of filing, Steinberg Shapiro & Clark agreed to waive any and all other fees owed as of the date of filing, which were in the range of over $6,000. Because the remaining retainer left nothing for payment of postpetition fees, the law firm and the Debtor have agreed that Debtor will make postpetition payments into a segregated account for the benefit of professionals, including the Subchapter V Trustee, initially in the sum of $300 per week, and later in any amounts necessary to maintain an escrow equal to the outstanding balances owed to the firm prior to the filing of a fee application.

5. The hourly fees charged by Steinberg Shapiro & Clark will range from $400 per hour for Mark H. Shapiro and $375 per hour for Tracy M. Clark. Wherever possible, a paralegal or law clerk may be used, at a lower hourly rate. Hourly rates are subject to change upon advance notice to the Office of the U.S. Trustee. The law firm has agreed to make application to this Court for approval of its fees and expenses if payment.

6. The Debtor states that the law firm and its employees are disinterested persons within the meaning of 11 U.S.C. §101(14) and Bankruptcy Rule 2014. Attached is a Declaration of Steinberg Shapiro & Clark supporting the Debtor's statement that the said law firm and its personnel are disinterested within the meaning of 11 U.S.C. §101(14), meet the requirements of Bankruptcy Rule 2014, and hold no interest adverse to the Estate. The firm previously represented myself (Case No. 23-21010-DOB) and the other member of the Debtor, Kathryn Betcher (Case No. 23-47628-LSG) in Chapter 7 proceedings which were commenced and then dismissed due to failure to file necessary documents, and the law firm is expected to represent both Ms. Betcher and myself in our re-filed Chapter 7 proceedings. For the reasons set forth in the attached Declaration of Steinberg Shapiro & Clark, the Debtor believes the law firm and its personnel are disinterested and hold no interest adverse to the estate by virtue of this past or any future representation.

/s/ Allison LeMay
Allison LeMay, Member and Co-Manager

Date: October 5 , 2023

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

PB Michigan, LLC,                       Case No. 23-48504-LSG
                                                    Chapter 11
       Debtor.                              Hon. Lisa S. Gretchko
_____/

## DECLARATION OF STEINBERG SHAPIRO & CLARK

Mark H. Shapiro declares as follows:

1.     The undersigned is the principal of Mark H. Shapiro, P.C. Steinberg Shapiro & Clark is the assumed name under which Mark H. Shapiro, P.C. operates.

2.     Steinberg Shapiro & Clark has the experience and ability to represent the above-captioned Debtor for the purposes described in the accompanying Petition to Appoint Steinberg Shapiro & Clark as Attorneys for the Debtor-in-Possession and is willing to accept employment on the basis set forth herein.

3.     The hourly fees charged by Steinberg Shapiro & Clark range from $400 to $375 for attorney services. Wherever possible, a paralegal or law clerk may be used, at a lower hourly rate. Hourly rates are subject to change upon advance notice to the Office of the U.S. Trustee.

4.     Steinberg Shapiro & Clark does not hold any interest adverse to the estate, and the firm, as well as its members, are disinterested persons, as defined in

11 U.S.C. § 101(14)[1]. As noted in the Application for Employment, the firm waived all prepetition amounts it was due after application of a portion of the prepetition retainer the firm received. As also noted in the Application for Employment, the law firm previously represented each of the two members of the Debtor (Allison LeMay, Case No. 23-21010-DOB and Kathryn Betcher, Case No. 23-47628-LSG) in Chapter 7 proceedings which were commenced and then dismissed due to failure to file necessary documents; and the law firm is expected to represent both Ms. Betcher and Ms. LeMay in their re-filed Chapter 7 proceedings. Notwithstanding the past and future representation of the members, Steinberg Shapiro & Clark believes the law firm and its personnel are disinterested and hold no interest adverse to the estate by virtue of this past or any future representation. It is unclear at this point whether Ms. LeMay or Ms. Betcher are creditors of the Debtor (an accountant is preparing 2022 personal and business tax returns and correcting information provided by the Debtor's bookkeeper), but even if there is a debtor-creditor relationship, Ms. LeMay and Ms. Betcher's claims against the Debtor would be property of the estate in their individual cases and their trustees would be the only persons able to pursue those claims. Further, and

---

[1] "Disinterested person" means person that ----
    (A) is not a creditor, an equity security holder, or an insider;
    (B) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and
    (C) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

as set forth in other pleadings filed in connection with this cand the related cases, the liquidated proceeds of the estate in the above-captioned case will not exceed the secured debt owed to the US Small Business Administration and other secured creditors. Accordingly, even if Ms. Betcher and/or Ms. LeMay held claims against the Debtor, there is zero likelihood the claims would be paid and therefore no disinterestedness or adverse interest as a result of Steinberg Shapiro & Clark representing the Debtor in these Chapter 11 proceedings and Ms. LeMay and Ms. Betcher in their re-filed Chapter 7 proceedings.

5. Pursuant to F.R.Bankr.P. 2014, and except as indicated below, Steinberg Shapiro & Clark does not have any connection[2], other than as disclosed above in Paragraph 4, with the Debtor, creditors of the Debtor, or any other persons having an interest in the estate, including their respective attorneys and accountants, the United States Trustee or any person employed by the Office of the United States Trustee.

6. Steinberg Shapiro & Clark understands that all compensation is subject to Court review and approval, and that no fees may be paid without an Order of the Court.

---

[2] Under E.D. Mich. LR 2014-1(a), "connection" "includes any family relationship as defined in code §101(45)," which is defined as an "…individual related by affinity or consanguinity within the third degree as determined by the common law, or individual in a step or adoptive relationship within such third degree…."

Steinberg Shapiro & Clark

/s/ Mark H. Shapiro (P43134)
25925 Telegraph Road, Suite 203
Southfield, MI 48033
248-352-4700
shapiro@steinbergshapiro.com

Date: October 5, 2023

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

PB Michigan, LLC,　　　　　　　　　　　　　Case No. 23-48504-LSG
　　　　　　　　　　　　　　　　　　　　　　Chapter 11
　　Debtor.　　　　　　　　　　　　　　　　Hon. Lisa S. Gretchko
_____/

**ORDER APPROVING EMPLOYMENT OF COUNSEL**

Upon the application of the Debtor, PB Michigan, LLC, and upon approval of the United States Trustee,

IT IS HEREBY ORDERED that the employment of Steinberg Shapiro & Clark by the Debtor as counsel is APPROVED.