UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

PB Michigan, LLC,                              Case No. 23-48504-LSG
                                               Chapter 11
     Debtor.                                  Hon. Lisa S. Gretchko

_____/

**DEBTOR'S AMENDED MOTION FOR ORDER APPROVING:
(1) SURCHARGE PURSUANT TO 11 USC § 506(c);
(2) DISTRIBUTIONOF FUNDS; AND (3) DISMISSAL OF CASE**

<u>Jurisdiction</u>

1.    This is the Debtor's Amended Motion to impose a surcharge of the Debtor's administrative expenses on the claims of the Debtor's secured creditors; to establish a procedure for distributing the Debtor's assets currently on hand as well as those to be received in the future; and for dismissal of the above-captioned proceedings. The Motion is brought under 11 U.S.C. §§ 506(c), 1112 and B.R. 1017.

2.    The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334.

3.    This is a core proceeding under 28 U.S.C. § 157(b)(2).

<u>Background</u>

4.    The above-captioned Subchapter V, Chapter 11 proceedings were commenced by the filing of a voluntary Chapter 11 Petition on September 28, 2023.

5.      Kimberly Clayson is the duly-appointed Chapter 11 Subchapter V Trustee in this case.

6.      The Debtor is a debtor-in-possession in these proceedings.  The Court has not appointed any other party to operate the Debtor's business and the Debtor remains in possession of its assets and the operation of the business.

7.      PB Michigan, LLC previously operated two "Pure Barre" exercise franchises in Detroit and Birmingham, Michigan. Pure Barre is an exercise regimen that "focuses on low-impact, small movements that target strength, cardio and flexibility for people of all levels, providing clients with self-focused time to transform the body and mind." When Covid occurred, stay-at-home orders in Michigan completely ceased all operation of fitness and exercise facilities. While the Birmingham location was able to manage through the pandemic, the Detroit location struggled and eventually was forced to close. The closure resulted in the breach of PB Michigan's Detroit lease; the filing of a lawsuit against PB Michigan (and its principals, who were guarantors of the lease); and the entry of a judgment in favor of the lessor, in the sum of approximately $120,000.

8.      At the time of filing, the Debtor employed nine (9) staff and instructors, not including Kathryn Betcher and Allison LeMay, who are the principals of the Debtor. All staff and instructors were independent contractors and received a Form 1099 documenting their income.

9.      The bankruptcy was filed to preserve the going-concern value of the Debtor and to allow the Birmingham location to be sold to an approved prospective or current franchisee.

<u>Administration of the Estate, To-Date</u>

10.     Following the commencement of these proceedings, the Debtor entered into an Asset Purchase Agreement with PB Birmingham, LLC and subsequently filed a motion to authorize the sale of all the Debtor's assets relating to its Birmingham operations [ECF No. 46]. The sale of the Brimingham assets for the sum of $225,000 was eventually approved by Order dated December 6, 2023 [ECF No. 59]. Pursuant to the terms of the sale, the Debtor received a down payment of $20,000, and will receive the balance of the $205,000 sale price in monthly installments of $4,000, plus 10% interest, commencing on January 1, 2024 through November 1, 2025, with a final payment for the remaining unpaid balance due December 1, 2025. Notwithstanding the payment terms, the purchaser has been attempting to obtain substitute financing to pay the entire balance owed and hopes to have an answer on the financing in the near future.

11.     The sale of the Birmingham assets included the assumption and assignment of the Debtor's lease for the business premises. Cure costs required to be paid to the Debtor's former lessor consumed the entire $20,000 down payment

(and left an additional $4,149.37 to be paid from other sources). A closing on the sale occurred on or about December 7, 2023.

12.     Prior to the commencement of the above-captioned proceedings, the Debtor entered into an Asset Purchase Agreement (hereafter the "Detroit APA"), for the sale of the Detroit franchise. Pursuant to the Detroit APA, the Debtor's Detroit assets were sold to "Pure Barre Midtown Detroit, LLC" for the sum of seventy-five thousand ($75,000) dollars. The Debtor received a down payment of $9,000, and the remaining $66,000 was to be paid over time. As of the date of filing, there remained the sum of $63,000 due and owing from the sale of the Detroit assets. Post-petition, the Debtor made a demand on Pure Barre Midtown Detroit for the balance of the obligations owed and further advised Pure Barre Midtown Detroit that the sale of assets had not accounted for liens on the assets sold at the time of the sale. The Debtor, through counsel, offered to seek approval through the Bankruptcy Court for transfer of the assets free and clear, in exchange for Pure Barre Midtown Detroit's reaffirmation of its obligations arising from the sale.

13.     Pure Barre Midtown Detroit's response was that it had not received what it bargained for in the prepetition sale (including but not limited to transfer of the assets free and clear of liens and claims), and that it was refusing to make any further payments on the prepetition obligation.

4

14.     Following negotiations with Pure Barre Midtown Detroit, the parties

reached an agreement to compromise the remaining $63,000 balance due from the

sale of the Detroit assets for the immediate payment of $49,000.  The Debtor filed

a Motion to Approve Compromise and for other relief on November 14, 2023

[ECF No. 50], which was granted by Order of the Court dated December 11, 2023

[ECF No. 61].  The Debtor has now received the full $49,000 settlement amount.

<u>Priority and Distribution of Funds, Application of Surcharge</u>

15.     After payment of final expenses of operation, as well as the remaining

cure amount owed to the Birmingham lessor, the Debtor currently has the sum of

$21,558.94 on hand, which constitutes the remaining proceeds of the Detroit asset

settlement and the last revenue received from the Debtor's operation of the

Birmingham location, less payment of all final expenses of operation.  The Debtor

seeks authority, through the present Motion, to distribute these funds, as well as the

remaining funds to be received from the sale of the Birmingham assets.

16.     Based upon information received by the Debtor, the priority and

amount of the properly perfected secured claims attaching to the Property as of the

date of filing are:

- Kapitus Servicing Inc. ("Kapitus") which has filed a proof of claim in the sum of $41,182.70, but has represented to the Debtor that it is owed $48,000, including attorney fees and accrued post-petition interest to which Kapitus asserts it is entitled to under 11 USC § 506(b)

- The United States of America, by its agent, the Small Business Administration (SBA), which, upon information and belief, is owed $1,114,500.00

A UCC search conducted prior to the commencement of the case also reflected lien filings in favor of Corporation Service Company and CT Corporation System, on behalf of unidentified creditors. Attempts to contact these entities to determine the actual secured creditor have not resulted in any response; both companies have been served with all cash collateral and other pleadings in the case (and are being served with the present pleadings) and neither has appeared in this case nor contacted the undersigned or the Debtor. The Debtor's principals believe these may be creditors whose obligations were paid off in the past, however, there is no way to confirm the same without knowing who the underlying creditors were/are. Notwithstanding all of the foregoing, the existence and continued claims of these entities is a non-issue because there is no collateral to support their secured claims given the amounts owed to Kapitus and the SBA. Any claims still asserted by Corporation Service Company and CT Corporation System are 100% undersecured.

17. The liens held by Kapitus and the SBA attached to all proceeds of this estate, including but not limited to the Detroit asset settlement and the payment due from the sale of the Birmingham assets. There are no other assets of the estate in this case and, as such, no unencumbered funds available to pay the administrative

expenses incurred in connection with the administration of the estate in these proceedings. The Subchapter V Trustee has advised that she will be filing a fee application in this matter for approximately $5,000. Concurrent with the filing of the present Motion, Special counsel for the Debtor, Myers & Myers, PLLC has filed a first and final fee application, seeking allowance and payment of fees and expenses in the sum of $7,990.00. Counsel for the Debtor is still performing services in connection with this matter, but as of the date of filing of the present Motion, was owed the sum of $33,447.23 in fees and expenses[1]. It is anticipated that the total amount could rise to $40,000 by the time the case is ready to be dismissed.

18.     The liens held by Kapitus and the SBA are subject to surcharge pursuant to 11 USC § 506(c).  § 506 (c) states:

> The trustee may recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving, or disposing of, such property to the extent of any benefit to the holder of such claim, including the payment of all ad valorem property taxes with respect to the property.

As set forth by the Ninth Circuit BAP in *Comerica Bank-California v GTI Capital Holdings, LLC (In re GTI Holdings, LLC)* 2007 Bankr. LEXIS 4853:

---

[1]  Upon information and belief, all other expenses of administration in this case have been paid and the Debtor is current on all other post-petition obligations following cure of the landlord's costs and payment of 1099 income to instructors.

The objective test has three components. "The parties seeking surcharge must prove that the expenses were reasonable, necessary and provided a quantifiable benefit to the secured creditor." *In re Debbie Reynolds, 255 F.3d at 1068*.

19. As the Court is well aware, but for the efforts of the Subchapter V Trustee, counsel and special counsel for the Debtor: (a) the Birmingham operation would likely have been closed and its tangible assets sold for forced liquidation value; and (b) in all likelihood, the proceeds of the Detroit asset sale likely would not have been collected because of post-closing disputes regarding the sale of those assets free and clear of the claims of the Debtor's secured creditors. The Subchapter V Trustee, Debtor, its counsel and special counsel all assert that the expenses incurred and to be incurred in connection with the administration of this case were reasonable and necessary costs and expenses of preserving (and maximizing) the estate and that all such expenses directly benefitted both Kapitus and the SBA.

20. As noted above in paragraph 16, as of the present date, Kapitus asserts a secured claim in the sum of $48,000. As of the date of filing, the SBA was owed a secured claim in the sum of $1,114,500.00.[2] Accordingly, the pro rata share of the total secured claims of Kapitus and the SBA would be 4.1% and 95.9%, respectively.

---

[2] The SBA is not oversecured and therefore not entitled to post-petition fees and interest.

21.     As a fair apportionment of the surcharge, the Debtor submits that 4.1% of the currently outstanding fees and expenses of the Subchapter V Trustee, counsel and special counsel be paid from the claim of Kapitus, with the balance of the fees and expenses of counsel and special counsel paid from the proceeds of the estate payable to the SBA.  Accordingly, the sum of approximately $2,172.59 in administrative fees would be paid from funds distributed to Kapitus and Kapitus would receive the sum of $45,827.41 in full and final satisfaction of its secured claim against the estate.

22.     The balance of any allowed fees and expenses of the Subchapter V Trustee, counsel and special counsel for the Debtor would be paid from proceeds of the estate payable to the SBA.

<u>Distribution of Current and Prospective Funds Received</u>

23.     As indicated above, the Debtor is currently holding funds in the sum of $20,558.94 and anticipates receiving monthly payments, beginning on January 1, 2024, from the sale of the Birmingham assets.  The prospective payments will be made to the undersigned as counsel for the Debtor, and deposited to the Debtor-in-Possession account maintained by the Debtor with Flagstar Bank until all payments due have been collected.  Upon entry of an order granting the present Motion, the Debtor proposes to distribute the funds on hand and to be received in the following manner:

a. The sum of $45,827.41 ($48,000 less the $2,172.59/4.1% surcharge against the secured claim of Kapitus) to Kapitus;

b. The allowed fees and expenses of the Subchapter V Trustee, followed by the allowed fees of special counsel for the Debtor, Myers & Myers, PLLC, followed by the fees and expenses of counsel for the Debtor;

c. All remaining proceeds received, to the US Small Business Administration.

### Dismissal of Case

24.     Following approval of the surcharge arrangement and establishment of the distribution of funds, the only matter left to be completed in this case is the collection of the remaining amounts due under the sale of the Birmingham assets and the distribution of those funds pursuant to the distribution procedure above. Debtor submits that it is neither necessary nor appropriate in the present case to keep these proceedings open and/or incur the expense of preparing and confirming a Chapter 11 plan (of liquidation).  Accordingly, the Debtor seeks to dismiss the above-captioned proceedings and simply collect and distribute assets post-dismissal pursuant to an order of the Court granting the present Motion.  The Court would retain jurisdiction over all matters relating to the proposed order granting the present Motion (including, but not limited to the approval of fee applications), and the case can obviously be reopened if there were matters requiring the Court to enforce or review its orders, but there is no need for this case to remain pending following entry of an appropriate order granting the present motion .

25.     In accordance with 11 USC § 1112(b),

(1) Except as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

26.     Because there are no funds available for general unsecured creditors and other than administrative expenses surcharged against the secured creditors' claims, all of the proceeds of the estate will go to pay the secured claims of Kapitus and the SBA, dismissal of the above-captioned proceedings is in the best interests of creditors and the estate. Assuming approval of the Debtor's request for surcharge and distribution, there is no further administration or supervision necessary to complete the objectives of this case - liquidation of assets and distribution in accordance with the Bankruptcy Code and State Law - and the most efficient and economical disposition of this case is dismissal of these proceedings.

<u>Conclusion</u>

The Debtor requests that this Court enter an order approving: the proposed surcharge of the secured claims of Kapitus and the SBA; distribution of the existing and prospective funds of the estate as set forth herein; dismissal of the above-captioned case and granting such further relief as this Court deems appropriate.

STEINBERG SHAPIRO & CLARK

 /s/ Mark H. Shapiro (P43134)
Attorney for Debtor-in-Possession
25925 Telegraph Road, Suite 203
Southfield, MI 48033
248-352-4700
shapiro@steinbergshapiro.com

Date: January 3, 2024

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

PB Michigan, LLC,                    Case No. 23-48504-LSG
                                         Chapter 11
     Debtor.                      Hon. Lisa S. Gretchko
_____/

**ORDER GRANTING DEBTOR'S AMENDED MOTION FOR ORDER
APPROVING: (1) SURCHARGE PURSUANT TO 11 USC § 506(c);
(2) DISTRIBUTION OF FUNDS; AND (3) DISMISSAL OF CASE**

The Debtor filed an Amended Motion seeking authority to impose a

surcharge of the Debtor's administrative expenses on the claims of the Debtor's

secured creditors; to establish a procedure for distributing the Debtor's assets

currently on hand as well and those to be received in the future; and for dismissal

of the above-captioned proceedings.  All parties in interest were served with notice

of the Motion, and no objections were timely filed. The Court finds good cause to

enter this Order.

IT IS ORDERED as follows:

A.     The Debtor's Amended Motion is GRANTED in its entirety.

B.     The Debtor's request for surcharge, pursuant to 11 USC § 506(c), of

the outstanding allowed administrative expenses of the Subchapter V Trustee,

Debtor's special counsel, Myers & Myers, PLLC and counsel, Steinberg Shapiro &

Clark, is GRANTED.  Based upon the respective claims of secured creditors

Kapitus and the US Small Business Administration (SBA), the Court finds it is appropriate that 4.1% of the allowed outstanding fees and expenses of the Subchapter V Trustee, counsel and special counsel be paid from the secured claim of Kapitus, with the balance of the fees and expenses of the Subchapter V Trustee, counsel and special counsel paid from the proceeds of the estate payable to the SBA. A sum equal to 4.1% of the allowed fees of the Subchapter V Trustee, special counsel and counsel will be deducted from the funds distributed to Kapitus and Kapitus will receive the balance of its $48,000.00 claim in full and final satisfaction of its secured claim against the estate.

C.     The balance of any allowed fees and expenses of the Subchapter V Trustee, counsel and special counsel for the Debtor would be paid from proceeds of the estate payable to the SBA.

D.     The funds of the bankruptcy estate currently on hand and to be received shall be distributed in the following manner:

1. The sum of $48,000 less 4.1% of the allowed fees and expenses of the Subchapter V Trustee, counsel and special counsel for the Debtor, to Kapitus;

2. The allowed fees and expenses of the Subchapter V Trustee, followed by the allowed fees of special counsel for the Debtor, Myers & Myers, PLLC, followed by the fees and expenses of counsel for the Debtor;

3. All remaining proceeds received, to the SBA.

E.      The above-captioned proceedings be, and hereby are, DISMISSED, except that the Court shall retain jurisdiction over all matters relating to the allowance/disallowance of fees and expenses, or any other expenses incurred in the administration of these proceedings; and all other matters related to the collection and distribution of funds in accordance with the terms of the present Order.

F.      All professionals shall file any and all 11 USC § 330 applications for allowance and payment of fees within thirty (30) days following entry of the present Order.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

PB Michigan, LLC, EIN 81-1857408          Case No. 23-48504-LSG
34665 Woodward Ave.                  Chapter 11
Birmingham, MI  48009             Hon. Lisa S. Gretchko

      Debtor.

_____/

**NOTICE OF DEBTOR'S AMENDED MOTION FOR ORDER
APPROVING: (1) SURCHARGE PURSUANT TO 11 USC § 506(c);
(2) DISTRIBUTION OF FUNDS; AND (3) DISMISSAL OF CASE**

Chapter 11 Debtor-in-Possession PB Michigan, LLC seeks authority to impose a surcharge of the Debtor's administrative expenses on the claims of the Debtor's secured creditors; to establish a procedure for distributing the Debtor's assets currently on hand as well and those to be received in the future; and for dismissal of the above-captioned proceedings.

**Your rights may be affected**. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

If you do not want the Court to grant the Debtor's motion, or if you want the Court to consider your views on the motion, then within 21 days from the date this notice is served you or your attorney must:

File with the Court a written objection or request for hearing, explaining your position at:[1]

      U.S. Bankruptcy Court
      Intake Office
      211 W. Fort Street
      Detroit, MI  48226

---

[1] Objection or request for hearing must comply with Fed.R.Civ.P. 8(b), (c), and (e).

If you mail your objection or request for hearing to the Court for filing, you must mail it early enough to the Court will **receive** it before the 21-day period expires. All attorneys are required to file pleadings electronically.

You must also send a copy to:

> Mark H. Shapiro, Esq.
> Steinberg Shapiro & Clark
> 25925 Telegraph Rd., Suite 203
> Southfield, Michigan 48033

If an objection or request for hearing is timely filed, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time, and location of the hearing.

**If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.**

STEINBERG SHAPIRO & CLARK

 /s/ Mark H. Shapiro (P43134)
Attorney for Debtor-in-Possession
25925 Telegraph Road, Suite 203
Southfield, MI 48033
248-352-4700
shapiro@steinbergshapiro.com

Date: January 3, 2024

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

PB Michigan, LLC,                                  Case No. 23-48504-LSG
                                                   Chapter 11
    Debtor.                    Hon. Lisa S. Gretchko

_____/

## CERTIFICATE OF SERVICE

     I certify that on January 3, 2024 I served copies as follows:

| | |
|---|---|
| Documents Served: | Debtor's Amended Motion for Order Approving: (1) Surcharge Pursuant to 11 USC § 506(c); (2) Distribution of Funds; and (3) Dismissal of Case; Notice of Motion; and Certificate of Service |

| | | |
|---|---|---|
| Served Upon: | Corporation Service Co.<br>PO Box 2576<br>Springfield, IL 62708 | CT Corporation System<br>Attn: SPRS<br>330 N. Brand Blvd.<br>Ste 700<br>Glendale, CA 91203 |

| | |
|---|---|
| Documents Served: | Notice of Debtor's Amended Motion for Order Approving: (1) Surcharge Pursuant to 11 USC § 506(c); (2) Distribution of Funds; and (3) Dismissal of Case |
| Served Upon: | All non-ECF parties on attached Official Court Matrix |
| Method of Service: | First Class Mail |

/s/ Joy L. Brown, Legal Assistant
Steinberg Shapiro & Clark
25925 Telegraph Rd., Suite 203
Southfield, MI 48033
(248) 352-4700
jbrown@steinbergshapiro.com

Label Matrix for local noticing
0645-2
Case 23-48504-lsg
Eastern District of Michigan
Detroit
Wed Jan  3 07:12:26 EST 2024

Birmingham Place Associates, LLC
Mitchell Family Enterprise, LLC
102 Pierce Street
Birmingham, MI 48009-6030

Kapitus Servicing, Inc.
c/o Keller & Almassian, PLC
230 East Fulton St.
Grand Rapids, MI 49503-3211

PB Michigan, LLC
34665 Woodward Ave.
Birmingham, MI 48009-0925

28 Grand River, LLC
c/o Kevin Taylor, Esq.
6960 Orchard Lake Road Ste. 250
West Bloomfield, MI 48322-4584

Alan Taylor
Segal McCambridge
29100 Northwestern Hwy Ste. 240
Southfield, MI 48034-1089

Allison Emily LeMay
1991 Graham Road
Saginaw, MI 48609-9710

American Express
Po Box 981535
El Paso, TX 79998-1535

American Express Company
200 Vesey St
New York, NY 10285-3106

American Express National Bank
c/o Becket and Lee LLP
PO Box 3001
Malvern  PA 19355-0701

Best Buy Credit Services
PO Box 78009
Phoenix, AZ 85062-8009

Best Buy Headquarters
7601 Penn Ave S
Minneapolis, MN 55423-3683

Beyond Yoga - Wholesale
11248 Playa Ct
Culver City, CA 90230-6127

Beyond Yoga - Wholesale
PO Box 103067
Pasadena, CA 91189-3067

Birmingham Place Associates, LLC
1221 Bowers St Unit 1869
Birmingham, MI 48012-7074

Birmingham Place Associates, LLC
1221 Bowers Street #1869
Birmingham, MI 48012-7074

Boris Yankovich, Esq.
Yankovich Law, P.C.
415 Ocean View Ave Fl 3
Brooklyn, NY 11235-6828

C T Corporation System
Attn SPRS
330 N Brand Blvd Ste 700
Glendale, CA 91203-2336

CONSUMERS ENERGY COMPANY
Attn: Legal Dept
One Energy Plaza
Jackson, MI 49201-2357

CPS
5614 Connecticut Ave. NW 190
Washington, DC 20015-2604

(p)JPMORGAN CHASE BANK  N A
BANKRUPTCY MAIL INTAKE TEAM
700 KANSAS LANE FLOOR 01
MONROE LA 71203-4774

City of Birmingham
Personal Property Taxes
PO Box 671732
Detroit, MI 48267-1732

City of Detroit
Property Tax Unit
2 Woodward Ave Rm 130
Detroit, MI 48226-3594

City of Detroit - Property Tax
PO Box 33193
Detroit, MI 48232-5193

Corporation Service Company
PO Box 2576
Springfield, IL 62708-2576

DTE
1 Energy Plz
Detroit, MI 48226-1221

Dish Network, LLC
c/o Allied Interstate, LLC
Po Box 19312
Minneapolis, MN 55419-0312

Esurance Allstate
PO Box Box 660637
Dallas, TX 75266-0637

Everstream Solutions, LLC
1228 Euclid Ave. #250
Cleveland, OH 44115-1831

Firek, Jason
2159 Sexton Rd
Howell, MI 48843-8933

JPMorgan Chase Bank, N.A.
s/b/m/t Chase Bank USA, N.A.
c/o National Bankruptcy Services, LLC
P.O. Box 9013
Addison, Texas 75001-9013

Kapitus Servicing, Inc.
2500 Wilson Blvd Ste 350
Arlington, VA 22201-3873

Kathryn Suzanne Betcher
2054 Moorhouse Street
Ferndale, MI 48220-1197

Kevin R. Erskine, Esq.
Assistant US Attorney
211 W Fort St Ste 2001
Detroit, MI 48226-3220

Lorenz, Brandon
8387 Boulder Shores Dr.
South Lyon, MI 48178-8060

MTM Investments Holdings, LLC
29100 Northwestern Hwy., Ste. 240
Southfield, MI 48034-1089

Michigan Department of Treasury
Collections
PO Box 30199
Lansing, MI 48909-7699

Nicholas Laue, Esq.
Keller & Almassian, PLC
230 Fulton St E
Grand Rapids, MI 49503-3211

Oakland County Treasurer
1200 N Telegraph Rd
Pontiac, MI 48341-0479

Office of the Chief Financial Officer
City of Detroit Treasurer
PO Box 33813
Detroit, MI 48232-5813

OnDeck Capital
1400 Broadway Fl 25
New York, NY 10018-5225

Pendulum Finance
548 Market St #35697
San Francisco, CA 94104-5401

Pure Barre
c/o Sarah Luna, CEO
17877 Von Karman Ave #100
Irvine, CA 92614-4227

Pure Barre/Xponential Fitness, LLC
c/o Sarah Luna, CEO
17877 Von Karman Ave #100
Irvine, CA 92614-4227

Service2.0 LC
7460 White Horse Cir
Monroe, MI 48161-5009

Signs & More
1371 Souter Dr
Troy, MI 48083-2840

Splash Advance, LLC
3350 NW 2nd Ave. A28
Boca Raton, FL 33431-6678

TelNet Worldwide, Inc.
PO Box 430
Dearborn, MI 48121-0430

US Small Business Administration
409 3rd Street, SW
Washington, DC 20416-0005

US Small Business Administration
409 Third Street SW
Washington, DC 20416-0005

Kimberly Ross Clayson
Taft Stettinius & Hollister, LLP
27777 Franklin Rd. Suite 2500
Southfield, MI 48034-8222

Mark H. Shapiro
25925 Telegraph Rd.
Suite 203
Southfield, MI 48033-2527

Rebecca Cassel
915 N. Michigan Ave., Suite 200
Howell, MI 48843-3113

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Chase
Cardmember Service
Po Box 15298
Wilmington, DE 19850-5298

(d)JPMorgan Chase Bank, N.A.
Mail Code LA4-7100
700 Kansas Ln
Monroe, LA 71203-4774

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Andrew R. Vara

End of Label Matrix
Mailable recipients    52
Bypassed recipients     1
Total                  53